UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

**LAURA SAWYER as Trustee of
14 AVON PLACE REALTY TRUST,
LAURA SAWYER as Trustee of M.A.W.
REVOCABLE TRUST, LAURA SAWYER,
MELISSA JORDAN, JENNIFER SAWYER, and
KATE SAWYER,**

     **Plaintiffs,**

v.

**UNITED STATES OF AMERICA,**

     **Defendant.**

---

## COMPLAINT

The Plaintiffs bring this civil action for a determination that they are legally entitled to all of the funds held in escrow pursuant to an agreement entered into by the Plaintiffs and the Defendant and for a judgment in an amount equal to the entire amount of said funds. For their complaint, the Plaintiffs allege as follows:

### JURISDICTION AND PARTIES

1. Jurisdiction is conferred upon the district court pursuant to 26 U.S.C. §7426(a)(3).

2. Massachusetts is the proper venue pursuant to §1391(b)(2) and by agreement of the Plaintiffs and Defendant.

1

3. The Plaintiff, 14 Avon Place Realty Trust is a Massachusetts trust and Laura Sawyer is its current trustee.

4. The Plaintiff, M.A.W. Revocable Trust is a Massachusetts trust and Laura Sawyer is its current trustee.

5. The Plaintiff, Laura Sawyer resides in New Hampshire.

6. The Plaintiff, Melissa Jordan resides in Vermont.

7. The Plaintiff, Jennifer Sawyer resides in Connecticut.

8. The Plaintiff, Kate Sawyer resides in California.

9. The Defendant is the United States of America.

## COUNT ONE
### (For Determination of Plaintiffs' Interest and Judgment)

10. On September 7, 1967, a deed for 12-14 Avon Place, Cambridge, Massachusetts (hereafter the "Property") was recorded in the Middlesex South District Registry of Deeds at Book 11388, pg 564.

11. This deed conveyed title to Albion Sawyer and Maria Sawyer, husband and wife, as tenants by the entirety.

12. On October 6, 1997 Albion Sawyer and Maria Sawyer conveyed the Property to the 14 Avon Place Realty Trust. The deed for same is recorded with the Middlesex South District Registry of Deeds in Book 27922, Page 149.

13. The Declaration of Trust Establishing the 14 Avon Place Realty Trust was recorded with the Middlesex South District Registry of Deeds in Book 27922, Page 139.

14. The beneficiaries of the 12-14 Avon Place Trust are the Plaintiff M.A.W. Sawyer Revocable Trust (50% interest) and the Albion Topliffe Sawyer Trust (50% interest).

15. Maria Sawyer was the settlor of the M.A.W. Sawyer Revocable Trust.

16. Maria Sawyer died on April 4, 2011.

17. Albion Sawyer was the settler of the Albion Topliffe Sawyer Trust.

18. Article Third, paragraph 2 of the First Amendment and Restatement of the M.A.W. Sawyer Revocable Trust names Maria Sawyer's children as the beneficiaries of the M.A.W. Revocable Trust.

19. Attached as **Exhibit A** is a true and complete copy of the First Amendment and Restatement of the M.A.W. Sawyer Revocable Trust.

20. Maria Sawyer's children are the Plaintiffs; Laura Sawyer, Melissa Sawyer, Jennifer Sawyer and Kate Sawyer.

21. Attached as **Exhibit B** is a true and complete copy of the schedule of beneficiaries for 12-14 Avon Place Realty Trust.

22. The Cambridge Trust Company recorded a mortgage on the Property on 10/6/1993 in the Middlesex Registry of Deeds at Book 23739, Page 49. (hereafter referred to as the "First Mortgage").

23. On the recorded mortgage, Albion Sawyer and Maria Sawyer were listed as the mortgagors of the First Mortgage and Cambridge Trust Company as the mortgagee.

24. Prior to May 20, 1996, Albion Sawyer was in default in respect to certain business loans from Cambridge Trust Company.

25. On May 20, 1996, Cambridge Trust Company agreed to restructure all of the business loans then outstanding and in default. Attached as **Exhibit C** is a true and complete copy of this agreement.

26. The business loans were restructured with Albion Sawyer executing a novatory promissory note (hereafter referred to as the "Promissory Note"). Maria Sawyer did not execute this note nor was she otherwise an obligor on the note. Attached as **Exhibit D** is a true and complete copy of the note.

27. The Promissory Note was secured by a mortgage on the Property granted by Albion Sawyer and Maria Sawyer to Cambridge Trust Company recorded on 5/20/1996 in the Middlesex Registry of Deeds at Book 26338, page 454.(hereafter referred to as the "Second Mortgage").

28. Paragraph 14B of the Second Mortgage provides:

> 14B. <u>Sale of Mortgaged Premises</u>. In the event of a bona fide sale of the Mortgaged Premises by Mortgagor in an arm's length transaction to a party not related to, affiliated with or controlled by Mortgagor or either person comprising Mortgagor, Mortgagee shall discharge this Mortgage and the Senior Mortgage (without acknowledging satisfaction of the Obligations) upon payment to Mortgagee, contemporaneously with such sale, of a sum equal to the amount by which one-half (1/2) of the fair market value of the Mortgaged Premises, as reasonably determined by Mortgagee (or, if greater, one-half (1/2) of the gross sale proceeds from such sale), exceeds one-half (1/2) of the aggregate out-of-pocket legal fees and expenses, stamp taxes and customary broker fees directly related to such sale and incurred by Mortgagor in connection therewith. Such payment shall be applied against the obligations secured by the Senior Mortgage and then against the other of the Obligations.

29. On February 7, 2006 the IRS filed a Notice of Federal Tax against the Property at Book 47056, Pg. 250. The name of the taxpayer listed on the lien is Maria Angelica Wulf Sawyer Trustee of 14 Avon Place Realty Trust as <u>Nominee</u> for Albion T. Sawyer, Jr. The date of assessment for the penalty contained in said lien is 3/20/2001.

30. On February 7, 2006 the IRS filed a Notice of Federal Tax against the Property at Book 47056, Pg. 251. The name of the taxpayer listed on the lien is Maria Angelica Wulf Sawyer Trustee of 14 Avon Place Realty Trust as <u>Nominee</u> for Albion T. Sawyer, Jr. The earliest date for any of the assessments for the penalties contained in said lien is 3/20/2001.

31. On August 24, 2010, the IRS refiled a Notice of Federal Tax against the Property at Book 55288, Pg. 422. The name of the

taxpayer listed on the lien is Maria Angelica Wulf Sawyer Trustee of 14 Avon Place Realty Trust as <u>Nominee</u> for Albion T. Sawyer, Jr. The date of assessment for the penalty contained in said lien is 3/20/2001.

32. On August 24, 2010 the IRS filed a Notice of Federal Tax against the Property at Book 55288, Pg. 422. The name of the taxpayer listed on the lien is Maria Angelica Wulf Sawyer Trustee of 14 Avon Place Realty Trust as <u>Nominee</u> for Albion T. Sawyer, Jr. The date of assessment for the penalty contained in said lien is 3/20/2001.

33. On April 1, 2008 the United States District Court District of Massachusetts in case no. 1:06-cv-11686-NG entered a Stipulation for Judgment and Judgment Entry reducing certain tax liens against Albion Sawyer to judgment.

34. The judgment in case no. 1:06-cv-11686-NG was never recorded in the Middlesex South District Registry of Deeds.

35. No document referencing the judgment reached in 1:06-cv-11686-NG was ever recorded in Middlesex South District Registry of Deeds.

36. On July 26, 2012, Laura Sawyer as the Trustee of the 14 Avon Place Realty Trust entered into a purchase and sales agreement to sell the Property to Rosemont Trust LLC.

37. The selling price for the Property was $1,725,000.

38. Prior to the sale of the Property, Rosemont Trust LLC, notified 14 Avon Place Realty Trust that title to the Property was not marketable due to the recorded notices of tax liens described in the previous paragraphs.

39. On December 14, 2012, the 14 Avon Place Realty Trust and the beneficiaries thereof and the Internal Revenue Service executed an escrow agreement (the "Escrow Agreement"). A true and complete copy (except for the redacted social security number of Albion sawyer) of the Escrow Agreement is attached as **Exhibit E.**

40. The Escrow Agreement provided that the IRS would discharge the Notices of tax liens complained of by Rosemont Trust LLC if the sum of $291,678.71 was placed into escrow.

41. The Escrow Agreement required the escrow agent to turn over the escrow funds to the IRS to apply to the federal tax liabilities of Albion Sawyer if an action was not commenced in this Court by March 14, 2013.

42. $291,678.71 plus interest is currently held in escrow pursuant to the Escrow Agreement.

43. The IRS issued a discharge for the tax liens complained of by Rosemont Trust LLC.

44. On December 14, 2012 the Property was sold in accordance with the purchase and sales agreement described in the previous paragraphs.

45. Attached as **Exhibit F** is a true and complete copy (except for a redacted employment identification number) of the settlement statement from the closing.

46. From the contract sales price of $1,725,000, $23,905.96 was reduced from the total amount due seller for Settlement Charges to the Seller.

47. From the contract sales price of $1,725,000, $71,000 was reduced from the total amount due seller for the deposit retained by to broker.

48. Pursuant to Paragraph 14B of the Second Mortgage Cambridge Trust Company discharged the First and Second Mortgages for payment of $814,442. This amount was reduced from the total amount due seller.

49. The Property was sold pursuant to an agreement described in 26 USC §6325(b)(3).

50. A mortgage requires the execution of a promissory note and a mortgage.

51. The promissory note embodies the borrower's promise to repay the lender.

52. A mortgage transfers legal title to the mortgage premises from the mortgagor to the mortgagee for the sole purpose of securing the borrower's promise to repay.

53. Maria Sawyer was not a maker, borrower or otherwise an obligor on the Promissory Note.

54. Paragraph 14B of the Second Mortgage limited Cambridge Trust Company's repayment to Albion Sawyer's portion of the sale proceeds.

55. The Second Mortgage did not secure a promise by Maria Sawyer to pay the Promissory Note.

56. The First and Second Mortgages were recorded prior to the recording of the Notices of Federal Tax Lien and had priority over these liens.

57. Albion Sawyer held a 50% interest in the Property. His interest was fully secured by the First and Second Mortgage.

58. Since Albion Sawyer had no equity in the Property to which the tax liens could attach, all of the net sale proceeds from the sale of the Property belong to the M.A.W. Revocable Trust.

59. The beneficiaries of the M.A.W Revocable Trust are entitled to a determination that the funds held in escrow belong to them and for a judgment equal to the amount of the funds.

**WHEREFORE,** the Plaintiffs pray for judgment that:

   a.   The Court determines that the funds held in escrow belong to the beneficiaries of the M.A.W Realty Trust;

   b.   The Court issue judgment to the Plaintiffs in the amount of the funds currently held in escrow;

   c.   The Court award the Plaintiffs their legal fees and costs pursuant to 26 U.S.C. §7430;

9

    d.    Any and all other relief that this Court deems just and appropriate.

Dated: March 13, 2013

> Respectfully submitted,
> the plaintiffs
> by their attorneys,
>
> s/ Edward DeFranceschi
> EDWARD DeFRANCESCHI BBO#118020
> JAMES EVERETT BBO#654104
> DeFranceschi & Klemm, PC
> 6 Beacon Street, Suite 515
> Boston, MA 02108-3802
> Tel:   (617) 723-6068
> Fax:   (617) 723-4640
> Ed@dktaxlaw.com
> James@dktaxlaw.com